UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Robert Isgett, | ) | Civil Action No.: 4:14-cv-04810-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Northstar Location Services, LLC, | ) | |
| | ) | |
| Defendant, | ) | |
| _____ | ) | |

Plaintiff Robert Isgett has filed a motion requesting that the Court enter a default against Defendant Northstar Location Services, LLC. *See* ECF No. 14. Defendant has not filed a response. The Court grants Plaintiff's motion for the reasons set forth below.

## **Procedural Background**

Plaintiff commenced this action on December 19, 2014, by filing a complaint against Defendant. ECF No. 1. Defendant did not answer Plaintiff's complaint but filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on February 2, 2015. ECF No. 9. The Court issued an order on July 2, 2015, denying Defendant's motion to dismiss. ECF No. 13. After Defendant failed to file a responsive pleading, Plaintiff filed a motion seeking an entry of default against Defendant on July 21, 2015. ECF No. 14. Defendant did not respond to Plaintiff's motion; instead, Defendant filed its answer on the final day—August 7, 2015—a response was due. ECF No. 15.

## **Applicable Law**

Rule 55 of the Federal Rules of Civil Procedures provides a two-step process for obtaining a default judgment. First, the plaintiff must obtain a default: Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ.

P. 55(a). Second, upon motion and notice to the party against whom judgment by default is sought, either the clerk or the district court may enter judgment by default. Fed. R. Civ. P. 55(b). An entry of default is a prerequisite for the entry of judgment following default. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

An entry of default is a drastic remedy that should be used in only the most extreme circumstances. *Ray v. Simon*, No. CIVA 4:07-1143TLWTER, 2008 WL 5412067, at *7 (D.S.C. Dec. 24, 2008), *aff'd*, 330 F. App'x 424 (4th Cir. 2009). Courts generally disfavor the entry of default because it forecloses the possibility for the plaintiff's claims to be decided on the merits. *Id.* A district court must exercise "sound judicial discretion" when deciding whether to enter a default, and should consider the following factors: "(1) prejudice to the plaintiff if default . . . is not granted; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's delay was the result of culpable misconduct." *Id.* "Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits. A default judgment should be entered only if other sanctions would not suffice." *Id.* (internal quotation marks and citation omitted).

**Discussion**

Plaintiff moves for an entry of default based on Defendant's failure to file a timely answer following the Court's issuance of the order on July 2, 2015, that denied Defendant's motion to dismiss. ECF No. 14 at 1-2; *see* Fed. R. Civ. P. 12(a)(4)(A) (providing that if a district court denies a motion under Rule 12, "the responsive pleading must be served within 14 days after notice of the court's action"). The docket shows Defendant has not responded to Plaintiff's motion for entry of default. Instead, Defendant has only filed an answer, doing so on the last day a response to the motion was due.

*Compare* ECF No. 14 (docket entry on July 21, 2015, stating Defendant's response was due by August 7, 2015), *with* ECF No. 15 (docket entry showing Defendant filed an answer on August 7, 2015, but nothing else in the interim). Defendant has not responded to Plaintiff's motion within the time allotted for filing a response. Moreover, Defendant's answer cannot be considered timely filed because it was due by July 16, 2015, which was the fourteenth day after the Court entered its order denying Defendant's motion to dismiss, *see* Fed. R. Civ. P. 12(a)(4)(A), and instead was filed almost three weeks late without explanation to the Court.

Based on Defendant's failure to respond to Plaintiff's motion seeking an entry of default, the Court **GRANTS** Plaintiff's motion (ECF No. 14) and **DIRECTS** the Clerk to enter a default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). **HOWEVER**, the Court will consider vacating the entry of default if Defendant promptly files a response to Plaintiff's motion and explains why it has filed an answer more than three weeks late without explanation to the Court.

**IT IS SO ORDERED.**

Florence, South Carolina  
August 13, 2015

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge